IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| PRINCE GEORGE JENNINGS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:21-CV-218-H-BQ |
| | § | |
| PARAMOUNT STUDIO'S, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Prince George Jennings filed a Complaint seeking relief in this Court (ECF No. 1), along with an inadequate "Affidavit" apparently intended to serve as a motion to proceed *in forma pauperis* (IFP). ECF No. 3. In his Complaint, Jennings also included a request for the Court to appoint counsel based on his unsupported pauper status. ECF No. 1; *see* ECF No. 2. The undersigned ordered Jennings to (1) complete a standardized form attesting to his financial condition, or to otherwise pay the $402.00 filing fee, and (2) file an amended complaint in compliance with Rule 8 of the Federal Rules of Civil Procedure. ECF No. 6. Jennings has not cured these deficiencies despite a second Court order to do so. *See* ECF No. 8. Moreover, Jennings has not pleaded sufficient facts establishing the Court's subject matter jurisdiction. ECF No. 1.

The undersigned therefore recommends that the United States District Judge deny Jennings's motion to proceed IFP and dismiss this action in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. Alternatively, the undersigned recommends that Jennings's Complaint be dismissed without prejudice for lack of subject matter jurisdiction. The undersigned further recommends that the district judge deny Jennings's motion to appoint counsel as moot.

## I. Procedural History

Jennings filed this action on October 4, 2021 (ECF No. 1) and, under *Special Order No. 3-251*, the case was automatically referred to the undersigned United States Magistrate Judge for further proceedings. ECF No. 4. In his Complaint, Jennings requests a "federal attorney . . . be placed on [his] claim Pro'bono [sic]." ECF No. 1. On the day he filed his Complaint, Jennings filed a wholly inadequate "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis," apparently seeking leave to proceed IFP in this action. ECF No. 3. Among other things, the IFP motion contains the following deficiencies:

1. Reported that he is currently employed (beginning October 2021) at "Texas T" but listed his gross monthly pay as "not applicable" and did not otherwise list income from any source. *Id.* at 2.[1]

2. Attested that his financial institution and total assets were "not applicable," but that three persons "rely on [him] . . . for support." *Id.* at 3–4.

3. Listed his total monthly expenses as zero. *Id.* at 4–5.

On October 25, 2021, the Court entered an order identifying two deficiencies in Jennings's filings: "first, [the Complaint] does not meet the minimum pleading requirements of Federal Rule of Civil Procedure 8(a); second, Plaintiff did not pay the $402.00 filing fee or file an Application to Proceed [IFP] with sufficient information for the Court to evaluate Plaintiff's financial status." ECF No. 6, at 1. The Court directed Jennings to comply with the order within twenty-one days (i.e., November 15, 2021) and cautioned that his failure to do so could "result in a recommendation that this action be dismissed for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b)." *Id.* at 3 (emphasis omitted).

---

[1] Page citations to Jennings's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

Jennings filed no response to the Court's October 25 order. Thus, the Court entered a second order on November 19, 2021, once again requiring Jennings to file, within twenty-one days (i.e., by December 10, 2021) a proper IFP motion and an amended complaint that complied with Rule 8 and stated "specific facts against the named defendants that would invoke this Court's subject-matter jurisdiction." ECF No. 8, at 2. Since the case's inception, and as of the date of these findings, conclusions, and recommendation (FCR), Jennings has filed no further pleadings or documents with the Court. Jennings's refusal to prosecute his case indicates to the Court that he does not intend to comply with the Court's orders and his case should be dismissed.

## II. Discussion

### A. Jennings's Complaint should be dismissed because he has not complied with Court orders to (1) pay the filing fee or demonstrate that he is entitled to proceed IFP and (2) file a non-frivolous amended complaint.

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

The Court "may authorize" a plaintiff to proceed "without prepayment of fees," i.e., *in forma pauperis*, in a civil action. 28 U.S.C. § 1915(a)(1). The decision to permit a plaintiff to proceed IFP "is based solely upon economic criteria." *Bell v. Children's Protective Servs.*, 506 F. App'x 327, 327 (5th Cir. 2013). This economic determination centers on "whether the movant can afford the costs [of filing] without undue hardship or deprivation of the necessities of life." *Id.* In evaluating an allegation of poverty, the Court may "conduct reasonable investigations" into a

plaintiff's financial status. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016); *see Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (providing that examination of plaintiffs' "financial condition" involves "a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory"). "[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915." *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975), *superseded by statute*, 28 U.S.C. § 1915(b)(2), *as recognized in Thompson v. Drewry*, 138 F.3d 984, 985–86 (5th Cir. 1998).

In the Northern District of Texas, a plaintiff must use the authorized IFP application form. *Cf.* Misc. Order No. 15 ("A party, other than an incarcerated person, desiring to proceed without prepaying fees or costs in the Northern District of Texas should complete the AO 239 form . . . ."). As of the date of this FCR, despite repeated instructions from the Court, Jennings has not filed an adequately supported motion to proceed IFP in any form—approved or not.[2] A plaintiff's failure to follow a court's orders concerning payment of the filing fee or an application for IFP status is grounds for dismissal of the complaint without prejudice. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (affirming dismissal of plaintiff's complaint after he refused to follow district court's orders requiring submission of documents allowing the court to determine whether plaintiff's IFP application had been filed in good faith); *Hodge v. Texas*, No. 3:02-CV-0802-H, 2002 WL 2030868, at *1 (N.D. Tex. Sept. 3, 2002) (dismissing plaintiff's case where he failed to pay the filing fee after one notice of deficiency); *Mendiola v. Doe*, No. 7:16-

---

[2] The Court further observes that this is just one of seven cases Jennings has filed. *See Jennings v. U.S. Fed. Claims Ct.*, No. 5:21-cv-141-H-BQ; *Jennings v. United States of America*, No. 5:21-cv-144-H-BQ; *Jennings v. United States of America*, No. 5:21-cv-145-H-BQ; *Jennings v. United States of America*, No. 5:21-cv-216-H-BQ; *Jennings v. Paramount Studio's*, No. 5:21-cv-218-H-BQ; *Jennings v. United States of America*, No. 5:21-cv-219-H-BQ. In each of the foregoing actions, Jennings has either failed to file an application to proceed IFP, or has submitted an application that contains incomplete, and seemingly inconsistent, information. *See, e.g., Jennings v. United States of America*, No. 5:21-cv-144-H-BQ, ECF No. 6, at 2 (reporting that he is currently employed at "Bulkstransfer" without specifying his gross monthly pay).

MC-00432, 2019 WL 359860, at *1 (S.D. Tex. Jan. 10, 2019) ("Plaintiff has not paid his filing fee. Plaintiff's failure to comply with the Court's order and failure to pay the filing fee provides an adequate basis for dismissal without prejudice."), *R. & R. adopted by* 2019 WL 355757 (S.D. Tex. Jan. 29, 2019).

It is a "privilege to proceed at the expense of the government[, i.e., the taxpayers] and the district court has the power to ensure that this privilege is properly granted." *Lay v. Justices-Middle Dist. Ct.*, 811 F.2d 285, 286 (5th Cir. 1987). This case cannot proceed due to Jennings's failure to file a properly supported IFP motion or pay the filing fee. *See, e.g.*, *Jennings v. United States of America*, No. 5:21-CV-144-H-BQ, 2021 WL 5339646, at *2, *5 (N.D. Tex. Oct. 28, 2021) (recommending dismissal of claims where Jennings neither paid the filing fee nor filed a sufficient motion to proceed IFP), *R. & R. adopted by* 2021 WL 5326555 (N.D. Tex. Nov. 16, 2021); *Bekendam v. Texas*, No. 3:21-CV-577-M-BH, 2021 WL 2481890, at *1 (N.D. Tex. May 24, 2021) (recommending dismissal where plaintiff failed to comply with the court's initial notice of deficiency and did not pay the filing fee or submit an IFP application), *R. & R. adopted by* No. 3:21-CV-577-M-BH, 2021 WL 2477709 (N.D. Tex. June 17, 2021); *Coleman v. Groom*, No. 3:19-CV-1155-N-BK, 2019 WL 5069065, at *3 (N.D. Tex. Sept. 18, 2019) (recommending denial of plaintiff's IFP and dismissal of the case, where plaintiff "failed to comply with the Court's directive to provide additional financial information," despite being provided multiple opportunities), *R. & R. adopted by* 2019 WL 5068169 (N.D. Tex. Oct. 9, 2019), *appeal dismissed*, 847 F. App'x 219 (5th Cir. 2021); *Rush v. Miss. Dep't of Rehab. Disability Determination Servs.*, No. 3:19-cv-71-HSO-JCG, 2019 WL 3577704, at *5 (S.D. Miss. May 22, 2019) (finding that plaintiff's "refusal to respond forthrightly and completely to the Court's legitimate inquiry into the

5

details of his financial situation deprives the Court of helpful information to make a proper determination and should foreclose [plaintiff] from proceeding" IFP).

Here, the Court finds dismissal is warranted even if such action results in the statute of limitations barring future attempts by Jennings to pursue these claims.[3] *See Nottingham*, 837 F.3d at 441 (applying a more stringent standard for dismissals that are effectively with prejudice due to the statute of limitations, "where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice" (internal quotation marks and citation omitted)). Jennings has failed to comply with the Court's orders to provide specific financial information, despite having been afforded multiple opportunities to do so, and because he is proceeding pro se, his "recalcitrance is attributable to [him] alone." *Coleman*, 2019 WL 5069065, at *3. "Finally, in light of Plaintiff's repeated refusals to pay the filing fee or provide the financial information sought, no lesser sanction will prompt diligent prosecution of this case." *Id.*; *see Rush*, 2019 WL 3577704, at *5 ("Even if the dismissal would effectively be a dismissal with prejudice because of an expired statute of limitations, there is a clear record of contumacious conduct by [plaintiff] that can only be attributed to him, and lesser sanctions would not serve the best interests of justice.").

In addition, the Court notes that Jennings's failure to file an amended complaint setting forth non-frivolous claims for relief provides additional justification for dismissal. Jennings has not complied with the Court's October 25 or November 19 orders to file a complete amended complaint. ECF Nos. 6, 8. The Court could dismiss for this reason alone. *See, e.g., Minorchio v. Bank of Am.*, No. A-10-CA-406 LY, 2010 WL 11652405, at *1–2 (W.D. Tex. Aug. 27, 2010)

---

[3] Jennings's Complaint comprises less than half a page and does not cite a single statute under which he is bringing his claims. Jennings appears to bring a tort or contract claim. *See* ECF No. 1 ("Federal Complaint of contract Defrauding").

(recommending dismissal of pro se complaint where plaintiff "ignored a court order requiring him to file an Amended Complaint remedying the deficiencies of his Original Complaint" and therefore failed to "make a short and plain statement of his claim showing that he is entitled to relief" or "provide the defendants fair notice of the claims made against them"), *R. & R. adopted by* 2010 WL 11652404 (W.D. Tex. Sept. 24, 2010); *see also Downum v. City of Rockport*, No. 2:19-CV-342, 2020 WL 1958845, at *1 (S.D. Tex. Mar. 12, 2020) (recommending dismissal following an order to amend plaintiff's complaint, when plaintiff "again present[ed] his claims in a confusing and haphazard fashion," including "several pages in which he present[ed] various confusing and often times nonsensical allegations against some defendants named in his original complaint, some defendants named in his amended complaint, and other individuals" not named in either), *R. & R. adopted by* 2020 WL 1953623 (S.D. Tex. Apr. 23, 2020), *reconsideration denied*, 2020 WL 3490218 (S.D. Tex. June 26, 2020).

### B. Jennings's allegations are so wholly frivolous that they deprive the Court of subject matter jurisdiction.

Alternatively, the Court finds that Jennings has not pleaded adequate facts demonstrating that the Court possesses subject matter jurisdiction over his claims. Jennings names one Defendant: "Paramount studio's." ECF No. 1. According to his Complaint, Jennings asks the Court to subpoena the "original Paramount studio contracts for David Shultz & Paramount studio's" as proof that Jennings owns Paramount, entitling him to $430 million and 2,000 employees. *Id.* (reporting that David Shultz is Jennings's "bussiness [sic] name"). Jennings's statement of his claim is one paragraph and provides no factual support for his allegations. *See id.*

Where "a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court." *Dilworth v. Dall. Cnty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996); *see Bell v. Hood*, 327 U.S. 678, 682–83 (1946) (providing that "a suit may

sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous"). Moreover, if a "complaint is patently insubstantial," the "court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction." *Isom v. U.S. Dep't of Homeland Sec.*, No. 4:20-CV-00948-SDJ-CAN, 2021 WL 2232052, at *2 (E.D. Tex. Apr. 28, 2021) (internal quotation marks omitted) (quoting *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016)), *R. & R. adopted by* 2021 WL 2224345 (E.D. Tex. June 2, 2021); *see Richard-Coulibaly v. Alanis*, No. 1:19-MC-11, 2019 WL 3752672, at *2 (E.D. Tex. Aug. 7, 2019) (stating that "when a plaintiff's complaint is facially frivolous and insubstantial, it is viewed as insufficient to invoke the jurisdiction of the federal courts," and "[t]he Supreme Court has repeatedly held that the federal courts are without power to entertain claims which may otherwise be within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit"). That is, dismissal for lack of subject matter jurisdiction is appropriate "when a complaint is obviously frivolous factually." *Isom*, 2021 WL 2232052, at *2 (internal quotation marks and citation omitted). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Jennings's Complaint is factually frivolous. Jennings's claim that he became the legal owner of "Paramount studio's" (including 2,000 employees) through a contract worth $430 million, is "wholly incredible," particularly where he proffers no facts or documents (including a copy of the alleged contract) in support. *See, e.g.*, *Isom*, 2021 WL 2232052, at *2 (finding plaintiff's assertion that the government "us[ed] and allow[ed] others to use her identity for financial gain, resulting in job loss, homelessness, home break-ins, and assassination attempts . . . [fell] under truly fanciful factual allegations warranting dismissal" for lack of subject matter

8

jurisdiction (internal quotation marks omitted)); *Ahrens v. City of Yorktown*, No. 16–CV–0057–RP–JCM, 2016 WL 10950459, at *3 (W.D. Tex. June 29, 2016) (recommending dismissal of plaintiff's claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), where plaintiff alleged that various governments and agencies had "brain raped her, controlled her thoughts and actions, attacked her with directed energy weapons, attempted to murder her by poisoning, sexually assaulted her with lasers, tracked her via satellite, placed cameras in her home, falsified her health records, and placed her under a secret fraudulent guardianship" (internal quotation marks omitted)), *R. & R. adopted by* 2016 WL 10950436 (W.D. Tex. July 19, 2016). The Court has provided Jennings multiple opportunities to amend, and any additional opportunity would be futile given the Court's lack of subject matter jurisdiction. *See, e.g., Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) ("Granting leave to amend is not required . . . if the plaintiff has already pleaded his best case." (internal quotation marks and citation omitted)); *Flowers v. Acuity Brands Lighting*, No. 3:19-CV-2090-S-BK, 2019 WL 10835996, at *2 (N.D. Tex. Oct. 1, 2019) (finding that permitting pro se plaintiff "leave to amend would be futile and cause needless delay," where plaintiff's allegations "clearly demonstrate[d] a lack of subject matter jurisdiction"), *R. & R. adopted by* 2020 WL 5983203 (N.D. Tex. Oct. 8, 2020).

### III. Recommendation

Because Jennings has not complied with Court orders and has not demonstrated he is entitled to pauper status, the undersigned recommends that the United States District Judge dismiss Jennings's Complaint without prejudice under Fed. R. Civ. P. 41(b). Alternatively, the undersigned recommends that the United States District Judge dismiss without prejudice Jennings's Complaint for lack of subject matter jurisdiction. Finally, the undersigned recommends

that the United States District Judge deny as moot Jennings's motion for appointment of counsel. ECF No. 2.

### IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December 28, 2021.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE